# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **PEYMON HAIDARI,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **KRISTI NOEM, SECRETARY OF** | § | |
| **HOMELAND SECURITY; ACTING** | § | |
| **DIRECTOR TODD M. LYONS,** | § | **No.  3:25-CV-00250-LS** |
| **ACTING DIRECTOR OF** | § | |
| **IMMIGRATION AND CUSTOMS** | § | |
| **ENFORCEMENT; ICE FIELD OFFICE** | § | |
| **DIR MARY DE ANDA-YBARRA, EL** | § | |
| **PASO ICE FIELD OFFICE** | § | |
| **DIRECTOR; AND ICE FACILITY** | § | |
| **ADMINISTRATOR (NAME** | § | |
| **CURRENTLY UNKNOWN) AT THE** | § | |
| **EL PASO PROCESSING CENTER,** | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Petitioner Peymon Haidari filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] He also filed a motion for a temporary restraining order and preliminary injunction.[2] For the following reasons, the Court denies Petitioner's motion.

## I.    LEGAL STANDARD.

The elements required to grant a motion for injunctive relief are:

(1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.[3]

---

[1] ECF No. 1.

[2] ECF No. 26.

[3] *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

When the government is the opposing party, the third and fourth elements merge.[4] The district court has discretion as to whether to grant or deny injunctive relief.[5]

## II.    ANALYSIS.

"The purpose of a preliminary injunction [or temporary restraining order] is not to give the plaintiff the ultimate relief it seeks."[6] Instead, it "is to preserve the *status quo* and prevent irreparable injury until the court renders a decision the merits."[7] Petitioner requests that a temporary restraining order and preliminary injunction be issued to require Respondent to release him.[8] But the ultimate relief he seeks is also release from custody.[9] The Court can only preserve the *status quo*, not provide Petitioner with the ultimate relief requested.

## III.    CONCLUSION

For this reason, Petitioner's motion [ECF No. 26] is denied. A dispositive ruling on the petition for writ of habeas corpus is forthcoming.

**SO ORDERED**.

**SIGNED** and **ENTERED** on July 1, 2026.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[4] *Texas v. U.S. Dep't of Homeland Sec.*, 700 F. Supp. 3d 539, 544 (W.D. Tex. 2023) (quoting *Nken v. Holder*, 556 U.S. 418, 435–36 (2009)).
[5] *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).
[6] *WarnerVision Ent. Inc. v. Empire of Carolina, Inc.*, 101 F.3d 259, 261 (2d Cir. 1996).
[7] *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. 2022).
[8] ECF No. 26 at 2, 24.
[9] ECF No. 1 at 3.